IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN MURILLO-ORTEGA,<br><br>         Petitioner,<br><br>    vs.<br><br>UNITED STATES OF AMERICA,<br><br>         Respondent. | No. CV-F-05-1585 OWW<br>(No. CR-F-98-5259 OWW)<br><br>MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT FOR RESPONDENT AND CLOSE THE CASE |

On December 14, 2005, Petitioner Martin Murillo-Ortega, proceeding *in pro per*, filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Petitioner, represented by Thomas Alan Stanley, pleaded guilty pursuant to a written Plea Agreement. Petitioner was sentenced on October 12, 1999 to 235 months incarceration and a 60 month term of supervised release.

Petitioner, still represented by Thomas Alan Stanley, filed

1

a Notice of Appeal to the Ninth Circuit, which was docketed in the Ninth Circuit on March 10, 2000 and assigned Case No. 00-10101.[1] Mr. Stanley failed to file an opening brief after being given two extensions of time to do so.  On October 5, 2000, the Ninth Circuit filed a default order for failure to prosecute and ordered Mr. Stanley to respond within 14 days.  The January 19, 2001 docket entry states:

> Filed Order (Appellate Commissioner) Aplt's opening brief was due July 28, 00.  On Oct. 5, 00 and again on Nov. 27, 00, the ct ordered aplt's retained counsel, Tom A. Stanley, Esq., to correct this deficiency within 14 days and file a motion for relief from default.  To date, counsel has not complied with the ct's order.  Within 14 days of this order, Tom A. Stanley Esq., shall show cause in writin [sic] why he should not be sanctioned in an amount not less that $500 for failing to comply with this court's rules and orders.  Failure to file a timely response or provide an adequate explanation may result in the imposition of sanctions without further notice. Aplt is informed that retained counsel has failed to prosecute this appeal.  (cite) [sic] Within 28 days of this order, aplt shall: (1) retain new counsel who shall file a notice of appearance; or (2) file a motion for appt of counsel at govt expense based upon a completed financial affidavit (CJA Form 23); or (3) inform the court in writin [sic] of aplt's clear and unequivocal intention to seek self-representation on appeal.  Failure to comply with this order may result in imposition of monetary and other sanctions on counsel.  A new briefing schedule shall be established upon compliance with this order.

---

[1] The Court may take judicial notice of matters of public record, including duly recorded documents, and court records available to the public through the PACER system via the internet. *See* Fed. R. Evid. Rule 201(b); *United States v. Howard*, 381 F.3d 873, 876, fn.1 (9th Cir. 2004).

>           **The Clerk shall serve this order by certified**
>           **mail (return receipt requested) on counsel**
>           **Stanley.  The Clerk also shall serve this**
>           **order on aplt individually at Reg. No. 58484-**
>           **097, FCI Terminal Island, 1299 Seaside**
>           **Avenue, Reservation Pt., Terminal Island, CA**
>           **90731-0207. (P196-169-886)(MoAtt) [00-10101]**
>           **(AF)**

**The January 22, 2000 docket entry states: "Return receipt received P 196 169 886 Cert. no. (JC)."  The March 27, 2001 docket entry states:**

>           **Filed order (Appellate Commissioner) ... to**
>           **date, appellant has not complied with the**
>           **court's order.  Appellant shall have one**
>           **final opportunity to prosecute this appeal.**
>           **Within 28 days of this order, appellant shall**
>           **(1) retain new counsel; or (2) file a motion**
>           **for appointment of new counsel; or (3) inform**
>           **the court in writing of appellant's clear**
>           **intention to seek self-representation on**
>           **appeal.  Failure to comply with this order**
>           **within the time allowed may result in**
>           **dismissal of this appeal ... This order and a**
>           **CJA Form 23 shall be served on appellant**
>           **individually by certified mail (7000 0520**
>           **0024 4796 4097) @ Reg. no. 57841-097, FCI**
>           **Terminal Island, 1299 Seaside Avenue,**
>           **Reservation Point, Terminal Island, CA 90731-**
>           **0207.  (MoAtt) [00-10101] (DL)**

**The April 9, 2001 docket entry states: "Return receipt received 7000 0520 0024 4796 4097 Cert. no. (DC)."  The April 13, 2001 docket entry states:**

>           **Filed order (William C. CANBY, Alex KOZINSKI,**
>           **Pamela A. RYMER) Thomas Stanley, Esq.**
>           **sanctioned and disbarred on 4/13/01 in No.**
>           **0180026. [00-10101] (RR)**

**The August 17, 2001 docket entry states:**

>           **Order filed, on Jan. 19, 2001 and again on**
>           **March 27, 2001 the ct informed aplt that**
>           **retained counsel has failed to prosecute this**
>           **appeal and ordered aplt to (1) retain new**

3

>           **counsel; (2) file a motion for appt of new**
>           **counsel; or (3) inform the ct in writing of**
>           **aplt's clear intention to seek self-**
>           **representation on appeal.  To date, aplt has**
>           **not complied with the ct's order.**
>           **Accordingly, this appeal is DISMISSED for**
>           **failure to prosecute.  The Clerk shall served**
>           **by certified mail (return receipt requested)**
>           **a copy of this order on counsel at Tom A.**
>           **Stanley, Esq., 5525 Oakdale Ave, Woodland**
>           **Hills, CA 91364 and aplt individually at Reg.**
>           **No. 58484-097, Taft Community Correctional**
>           **Facility, 330 Commerce Way, Taft, CA 93268.**
>           **DISMISSED (Procedurally Terminated After**
>           **Other Judicial Action; F.R.A.P. 42.  Michael**
>           **D. HAWKINS, A.W. TASHIMA, Ronald GOULD [00-**
>           **10101] (AF)**

**The August 17, 2001 docket entry states:**

>           **Sent certified mail (7000-0520-0024-4796-**
>           **8644) to Tom Stanley, Esq. and sent certified**
>           **mail (7000-0520-0024-4796-8811) to Martin**
>           **Murillo-Ortega. [00-10101] (AF)**

**The August 27, 2001 docket entry states: "Return receipt received 7000-0520-0024-4796 Cert. no. (JC)."  The mandate issued on September 10, 2001.  The June 27, 2005 docket entry states: "Sent copy of general docket to appellant per request."  On July 14, 2005, Appellant Martin Murillo-Ortega filed a motion to reinstat the appeal.  By Order filed on September 19, 2007, the Ninth Circuit construed Appellant's motion reinstate his appeal as a motion to recall the mandate and to reinstate the appeal and denied the motion.**

   **The threshold issue is whether Petitioner's Section 2255 motion is timely.**

   **Section 2255 provides that a one-year period of limitation applies to a Section 2255 motion, which limitation period runs**

from the latest of:

>    (1) the date on which the judgment of conviction became final;
>
>    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Applicable here is Section 2255(4).[2]

In his declaration in support of the Section 2255 motion, Petitioner avers:

>    4.  I recall receiving two notices from the Ninth Circuit court in the early part of the year 2001, but I did not understand what the notices meant.
>
>    5.  In regards to the two notices from the Ninth Circuit, I trusted Tom Stanley to handle the matter, if in fact, the two notices indicated that their [sic] was a problem with the appeal.
>
>    6.  I am a Mexican National, and in my home country, when an attorney accepts money for representation, that attorney is trusted to handle all matters concerning the case, and if for some reason, the retained attorney is not able to handle matters regarding the

---

[2]Although Petitioner refers to Section 2255(2), no governmental action prevented Petitioner from filing the Section 2255 motion.

case, that attorney is trusted to refer the matter to another attorney who is more knowledgeable.

7. I did not seek help from any of the inmate legal assistants at either Terminal Island or Taft, because I trusted that Tom Stanley would turn over the case to another attorney if he had any problems with perfecting the appeal.

8. After more than four years of hearing nothing from Tom Stanley, I asked one of the bilingual education department workers at the Taft institution, what the terms 'disbarred' and 'sanctioned' meant in reference to Tom Stanley and the appeal, and the bilingual inmate assistant informed me that the Ninth Circuit imposed fines on Tom Stanley and banned him from practicing law in their court for failure to prosecute the appeal.

9. On or about July 7, 2005, the same bilingual inmate assistant informed me that the two notices from the Ninth Circuit gave me instructions to either retain new counsel, ask the court for the appointment of counsel, or to proceed In Pro Per.

10. I did not know of the Ninth Circuit's instructions until the bilingual inmate assistant informed me on or about July 7, 2005.

11. The bilingual inmate assistant wrote a motion for me to file in the Ninth Circuit on July 7, 2005 ..., however, through the aid of a former inmate legal assistant, I realized that the Ninth Circuit lost jurisdiction over the direct appeal after the spread of the mandate, and that it would be difficult to attempt a recall of the mandate after four years. As a result, I made the choice to bring the instant motion under 28 U.S.C. § 2255 ¶ 6(2) [sic] under the extraordinary circumstances addressed herein.

12. Had Tom Stanley informed me on his own that he was unable to handle the direct appeal, and that he was unable to turn the case over to another attorney on his own, I

|   |   |
|---|---|
| 1 | would have informed the Ninth Circuit in April of 2001, that I seek replacement |
| 2 | counsel so as to prosecute the appeal. |
| 3 | 13.  The foregoing statements were translated from my native language of Spanish into |
| 4 | English, and then read back to me in Spanish. |

"The statute does not require the maximum feasible diligence, only due, or reasonable diligence." *Wims v. United States*, 225 F.3d 186, 190 n.4 (2nd Cir.2000).  "Due diligence ... does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts."  *Aron v. United States*, 291 F.3d 708, 712 (11th Cir.2002).  This test requires courts to consider certain external requirements such as "the conditions of [the petitioner's] confinement."  *Wims*, *id.*  Because "a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice," *Roe v. Flores-Ortega*, *supra*, 528 U.S. at 476, a petitioner is not required "to check up on his counsel's pursuit of an appeal on ... the very day on which [his] conviction becomes final."  *Wims, id*.  However, "a duly diligent person" does not require "three and a half years ... to discover that counsel had not filed a notice of appeal ...."  *Zapata v. United States*, 2000 WL 1610801 at *3 (S.D.N.Y.2000); *see Tineo v. United States*, 2002 WL 1997801 at *2 (S.D.N.Y.2002)("A duly diligent person in Tineo's shoes would not have needed more than three years to discover the alleged ineffectiveness of counsel, including whether his attorney had failed to file a direct appeal."); *Gonzalez v. United States,*

1  2002 WL 31512728 at *4 (S.D.N.Y.2002).
2       Petitioner's claim that he did not discover with due or
3  reasonable diligence that the appeal had been dismissed because
4  of Mr. Stanley's failure to prosecute it until July 2005 is
5  without merit.  Petitioner was twice served by the Ninth Circuit
6  with orders advising him that Mr. Stanley had failed to prosecute
7  the appeal and directing Petitioner to either retain new counsel,
8  file a motion for appointment of counsel, or inform the Ninth
9  Circuit that he intended to represent himself in the appeal.  The
10 Ninth Circuit served these orders on Petitioner by certified
11 mail, return receipt requested.  The Ninth Circuit docket
12 establishes that Petitioner received the two orders because the
13 certified receipt was returned to the Ninth Circuit.  On August
14 17, 2001, Petitioner was also personally served by the Ninth
15 Circuit with the August 17, 2001 Order dismissing the appeal for
16 lack of prosecution.  The Ninth Circuit served the August 17,
17 2001 dismissal order on Petitioner by certified mail, return
18 receipt requested.  The Ninth Circuit docket establishes that
19 Petitioner received the August 17, 2001 dismissal order because
20 the certified receipt was returned to the Ninth Circuit.
21 Petitioner's claim that he did not understand the Ninth Circuit's
22 orders, that he expected Mr. Stanley to take care of the matter
23 cannot stand in the face of this record, and that he did not know
24 until July 2005 that the appeal had been dismissed cannot stand
25 in the face of the Ninth Circuit record.
26      In *Calderon v. U.S. Dist. Court for Central Dist. of Cal.*,

128 F.3d 1283 (9th Cir. 1997), *cert. denied*, 522 U.S. 1099 and 523 U.S. 1061 (1998), *overruled on other grounds*, 163 F.3d 530 (9th Cir. 1998), the Ninth Circuit held that the one-year limitations period applicable to Section 2255 motions is subject to equitable tolling. However, the Ninth Circuit further held:

> Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a petitioner's control make it impossible to file a petition on time ... We have no doubt that district judges will take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted.
>
> Id. at 1288-1289.

"A litigant seeking equitable tolling [of the one-year AEDPA limitations period] bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[T]he threshold necessary to trigger equitable tolling under [the] AEDPA is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002).

In *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir.2006), the Ninth Circuit addressed whether a petitioner's inability to obtain Spanish-language materials or procure translation assistance can be grounds for equitable tolling of the AEDPA's one-year limitation period:

> While *Whalem/Hunt* does not directly control the facts of this case, we find its reasoning

instructive. In *Whalem/Hunt*, the state's failure to provide access to the text of the AEDPA constituted possible grounds for equitable tolling because, according to the petitioner's allegations, the absence of a copy of the AEDPA prevented him from learning about the AEDPA's one-year deadline and therefore prevented a timely filing ... We concluded that remand was the appropriate remedy because the district court had provided the petitioner 'no opportunity to amend his petition or expand his declaration,' and had failed to hold an evidentiary hearing ....

By analogy, Mendoza has alleged that lack of access to Spanish-language legal materials prevented him from learning about the AEDPA's deadline and thereby prevented his timely filing. According to his declaration, when Mendoza was first incarcerated, he requested Spanish-language legal materials but was told to 'wait until [he] got to [his] regular assigned prison.' After arriving at Solono State Prison, he made several trips to the library but found only English-language books and only English-speaking clerks and librarians. Not until Mendoza found an newly-arrived, bilingual inmate willing to offer assistance was he able to file his habeas petition; however, by this time, the AEDPA deadline had already passed. We conclude that this combination of (1) a prison library's lack of Spanish-language legal materials, and (2) a petitioner's inability to obtain translation assistance before the one-year deadline, could constitute extraordinary circumstances.

This holding comports with the decisions of other Circuits, which have rejected a per se rule that a petitioner's language limitations can justify equitable tolling, but have recognized that equitable tolling may be justified if language barriers actually prevent timely filing. In *Cobas v. Burgess*, 306 F.3d 441, 441 (6th Cir.2002), the court held that a petitioner's 'inability to speak, write, or understand English, in and of itself, does not automatically' justify equitable tolling. The court emphasized that

10

> the 'existence of a translator who can read and write English and who assists a petitioner during appellate proceedings' renders equitable tolling in applicable for that petitioner ... Because Cobas had written a detailed letter to his counsel in English and had otherwise demonstrated his ability to either communicate in English or communicate with a translator, the record in Cobas' case 'belie[d] any claim that language difficulties prevented Cobas from filing his petition in a timely manner.' ....
>
> We find this reasoning persuasive, because it implicitly identifies the category of non-English-speaking inmates whose situations could constitute 'extraordinary circumstances.' Although the petitioner was ultimately denied relief in *Cobas*, the decision's rationale left open the possibility that a non-English speaker who could not find a willing translator could qualify for equitable tolling. Following this reasoning, we conclude that a non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate. We agree with *Cobas* that a petitioner who demonstrates proficiency in English or who has the assistance of a translator would be barred from equitable relief ....
>
> ...
>
> Because Mendoza alleged that he lacks English language ability, was denied access to Spanish-language legal materials, and could not procure the assistance of a translator during the running of the AEDPA limitations period, he has alleged facts that, if true, may entitle him to equitable tolling.

**449 F.3d at 1069-1071.**

Here, the record establishes that Petitioner was not pursuing his rights diligently and he makes no showing that some

11

extraordinary circumstance stood in his way; Petitioner is not entitled to equitable tolling.  Although Petitioner asserts that he expected Mr. Stanley to take care of the matter, Petitioner was specifically advised by the Ninth Circuit of his remedies to continue the prosecution of his appeal and, when Petitioner did not comply with those orders, was served by the Ninth Circuit with the order dismissing the appeal for lack of prosecution. Although Petitioner avers that he only speaks Spanish, he makes no contention that he was unable to obtain a translation of the Ninth Circuit's orders when he was served with them or that he made any effort to do so.

For the reasons stated:

1. Petitioner Martin Murillo-Ortega's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED;

2. The Clerk of the Court is directed to ENTER JUDGMENT FOR RESPONDENT and to close this case.

IT IS SO ORDERED.

Dated:   February 17, 2009            /s/ Oliver W. Wanger
                                     UNITED STATES DISTRICT JUDGE